NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS ALBERTO SOLORZANO, | No.    21-70505 |
| Petitioner, | Agency No. A205-713-198 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Tomas Solorzano is a native and citizen of El Salvador.  He seeks review of

the Board of Immigration Appeals' (BIA) decision affirming the Immigration

Judge's denial of asylum, withholding of removal, and Convention Against Torture

(CAT) protection.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

petition.

We review the BIA's determination that a petitioner is ineligible for asylum, withholding of removal, and CAT protection for substantial evidence. *Konou v. Holder*, 750 F.3d 1120, 1124 (9th Cir. 2014); *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010). Under this standard, the BIA's findings will be reversed only if "the evidence in the record compels a reasonable factfinder to conclude that the BIA's decision is incorrect." *Tampubolon*, 610 F.3d at 1059 (cleaned up).

Substantial evidence supports the BIA's determination that Solorzano is ineligible for asylum and withholding of removal. To be eligible for asylum or withholding of removal, a petitioner must demonstrate that he has or will be persecuted based on "race, religion, nationality, membership in a particular social group, or political opinion." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (quoting 8 U.S.C. §§ 1101(a)(42) and 1231(b)(3)(A)). Solorzano claims that he is a member of a cognizable particular social group (PSG) consisting of "family, as defined by kinship ties, or family members who have faced extortion or attempted extortion." And he argues that he is likely to be persecuted on account of his familial ties because his partner and her sister had previously been extorted via threatening letters sent by criminal gangs in El Salvador.

But the BIA concluded that these past instances of extortion were indicative of "general conditions of crime and violence" because nothing in the record

2

demonstrated that the extortion was "motivated by anything other than the desire for financial gain." Solorzano cannot point to any evidence that requires us to disturb the BIA's finding. The extortion letters demanded money but did not express animus towards the family. The fact that some of Solorzano's family members have been extorted does not mean that the extortion was motivated by familial ties. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017). Moreover, none of Solorzano's siblings living in El Salvador have ever been harmed by gangs, undercutting his claim that his family is being targeted.

Substantial evidence also supports the BIA's conclusion that Solorzano is ineligible for CAT protection. To qualify for CAT relief, a petitioner must establish that "it is more likely than not" that he would be tortured by or "with the consent or acquiescence of a public official." *Cole v. Holder*, 659 F.3d 762, 770–71 (9th Cir. 2011) (quoting 8 C.F.R. §§ 208.16(c)(2) and 1208.18(a)(1)). The BIA denied relief based on the "absence of past torture, the speculative nature of [Solorzano's] fears, and the evidence cited by the Immigration Judge concerning government efforts to combat crime and official corruption."

There is no reason to disturb the BIA's finding. "Past torture is the first factor we consider in evaluating the likelihood of future torture." *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005). Because persecution is less severe than torture, the absence of past persecution necessarily encompasses an absence of past torture. *See*

3

*id.* at 1224.  Solorzano concedes that he has never suffered past persecution, so there is no reason to believe he would be tortured upon his return to El Salvador.  And the country report submitted by Solorzano details the Salvadoran government's recent efforts to combat police corruption, undercutting his claim that he would be tortured at the hands of the government.  *See Kamalyan v. Holder*, 620 F.3d 1054, 1058 (9th Cir. 2010) (changed country conditions may rebut fear of future persecution).

**DENIED.**